LeRoy LEMONS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18843.

United States Court of Appeals
Ninth Circuit.

Oct. 14, 1964.

Rehearing Denied Dec. 22, 1964.

**620**

Gerald F. Ellersdorfer, Benicia, Cal., for appellant.

William N. Goodwin, U. S. Atty., Michael Hoff, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and BASTIAN, Circuit Judge, sitting by designation.

BASTIAN, Circuit Judge.

Appellant was convicted on Counts I and II of a four count indictment[1] of violations of the narcotics laws. Count I charged violation of Title 21 U.S.C. § 174 and Count II charged violation of Title 26 U.S.C. § 4705(a).

■ On this appeal he alleges error in the action of the trial court in overruling his motion for a continuance. Appellant recognizes, as indeed he must, that the action of a trial court on such a motion lies largely in the discretion of the trial judge and will not be reversed in the absence of an abuse of discretion.[2]

The facts relating to the denial of a continuance are that when the case came on for trial the judge asked counsel for both sides if they were ready to proceed. Counsel for the government announced, "Ready," and defendant's counsel replied, "The defendant is ready, subject to the reservation of making a motion during the recess, your Honor." The jury was thereupon sworn, opening statement was made by government counsel, defendant reserving his opening statement until after the conclusion of the government's case.

■ The government's first witness was called and testified in chief, and thereafter, after the morning recess had been declared by the trial judge, counsel

1. Counts III and IV were dismissed.

2. See e. g. Sherman v. United States, 241 F.2d 329, (1957), where we said (p. 338):
"The granting of a continuance is a matter of discretion with the court, and will not be reviewed upon appeal in the absence of abuse. Williams v. United States, 9 Cir., 203 F.2d 85, 86; United States v. Vrilium Products Co., 7 Cir., 185 F.2d 3. In the Williams case the court said:
"'The granting of a continuance is not a matter of right, but is always within the sound discretion of the court. Nor will the court's exercise of its discretion be disturbed unless it is abused to the prejudice of the complaining party.'"

for defendant made his motion for continuance. He stated in effect in his motion that some four or five days prior to the date of the trial, a fellow inmate of the jail had reported to defendant that certain named persons had overheard one of the government's witnesses (who had not been called at the time the motion was made) make statements contrary to a story that that witness had previously testified to in court in another and related case. Defendant's counsel stated to the court that he personally did not have the information as to these statements [which were clearly hearsay] until the defendant advised him of it on the day before the trial. We do not believe that under the circumstances of this case the action of the trial court amounted to an abuse of discretion.

Appellant also urges that the testimony of the government witnesses at the trial was insufficient to support a conviction. It is true that certain of the witnesses had been convicted of narcotics offenses, but this does not mean they were ineligible to testify. The court carefully cautioned the jury as to the credibility of witnesses in such cases. The testimony of these witnesses, if believed by the jury, as it apparently was, is sufficient with the other evidence adduced to support the verdict of guilty.

We have considered other assignments of error, namely that the evidence is insufficient to raise the presumption under 21 U.S.C. § 174 and that the court erred in its instructions to the jury under that section. We find no error in either point raised.

It is further to be noted that no objections were made at the trial level as to these points.

The judgment of conviction is affirmed.