**Anton Vaughn EVALT, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 21519.**

United States Court of Appeals Ninth Circuit.

Sept. 8, 1967.

See also 9 Cir., 359 F.2d 534.

William C. Harrison, Spokane, Wash., for appellant.

Smithmoore P. Myers, U. S. Atty., Spokane, Wash., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and MATHES, Senior District Judge *.

HAMLEY, Circuit Judge:

Anton Vaughn Evalt appeals from his conviction on a two-count indictment charging him with robbing a federally insured bank and, during the course of the robbery, putting a person's life in jeopardy by the use of a dangerous weapon. 18 U.S.C. § 2113(a) and (d) (1964).

This is the second time Evalt has been convicted under this indictment, and the second time his conviction has been before this court. On the first apepal we reversed and remanded for a new trial because of errors in admitting certain testimony and permitting prejudicial

---

* Senior District Judge William C. Mathes died on July 24, 1967. Before his death he had expressed his concurrence in the result which is reached.

comments by the prosecution. However, we also held that the arrest of defendant was based on probable cause and the evidence seized during the immediate search was properly admitted. Evalt v. United States, 9 Cir., 359 F.2d 534.

On this appeal from his retrial, Evalt challenges several rulings by the trial court. In essence, he contends that the trial court erred in (1) not hearing or ruling on his motion to suppress prior to the trial, (2) admitting the evidence sought to be suppressed, (3) refusing to grant a continuance in order to subpoena an absent defense witness, (4) refusing to give a requested insanity instruction, (5) refusing to grant a judgment of acquittal for insufficiency of the evidence, and (6) refusing to grant a new trial on the ground of newly-discovered evidence.

### Refusal to Hear the Motion to Suppress Prior to Trial

Pursuant to Rule 41(e), Federal Rules of Criminal Procedure, defendant made a pre-trial motion to suppress certain evidence. In his motion defendant alleged that the evidence seized at the time of Evalt's arrest was inadmissible because the seizure was made without a search warrant and, because the county sheriff lacked probable cause, the search was not incident to a valid arrest. He also alleged that the seizure was illegal for the additional reason that the search went beyond the permissible scope of a search incident to an arrest. In his motion defendant also sought to suppress all incriminating statements made by him following his arrest, and, apparently, all other evidence which the Government might seek to use against him at trial, including the testimony of eyewitnesses. The trial court withheld argument on the motion to suppress until the Government made an offer of proof during the trial.

At the trial defendant objected strenuously to the admission of the evidence seized at the time of his arrest. Similar objections were raised at various times during the trial and at the close of all the evidence. The trial court, however, overruled all of defendant's objections, holding that the arrest was based on probable cause and the search incident thereto. The defendant's incriminatory statements were not offered by the Government, and the remainder of the Government's evidence was allowed into evidence without further objection.

 Under the circumstances of this case, the trial court did not err in refusing to hear the motion to suppress prior to trial. The court had before it our previous decision on the search and seizure question, and the defendant's motion did not specifically allege facts different from those found on the prior appeal. In addition, the pre-trial motion to suppress was of such wide range that a pre-trial hearing on the motion would have required presentation of almost all the evidence to be introduced at trial. No actual prejudice was asserted as a result of the postponing of the hearing, and we are unable to perceive any. Although Rule 41(e) provides that a motion to suppress should normally be made prior to trial, it does not foreclose the trial court from postponing consideration thereof until the trial. The trial court may exercise a sound discretion as to this. See DiBella v. United States, 369 U.S. 121, 129, n. 9, 82 S.Ct. 654, 7 L.Ed.2d 614. In this case the trial court did not abuse its discretion in this regard.

### Admission of Evidence Seized at the Time of Arrest

 In our previous decision in this case we held that, on the basis of the record in that trial, the county sheriff had probable cause to arrest Evalt. Thus, the search of his immediate possessions was lawful. Evalt v. United States, 9 Cir., 359 F.2d 534, 539–540. Unless the facts found at the retrial vary materially from those found in the previous trial, our decision in the earlier appeal is controlling. Cervantes v. United States, 9 Cir., 278 F.2d 350, 352.

We have examined the record and conclude that the trial court was warranted in finding that the facts were the same,

or nearly the same, as those adduced at the previous trial.[1] The trial court therefore did not err in adhering to our ruling on the prior appeal.

Defendant makes the further argument, not advanced on the previous appeal, that the search of his packsack by a federal officer sometime after the arrest was unrelated to the arrest and illegal absent a valid search warrant. At the time of the arrest the county sheriff searched the packsack in defendant's possession and found what was believed to be the stolen money. The packsack and its contents were taken into custody along with the defendant. Sometime later the F.B.I. agent investigating the robbery went through the packsack, comparing the serial numbers on the money with that reportedly stolen from the bank. This warrantless search, defendant argues, was illegal because it was not incident to the arrest. Since we have found, however, that the sheriff's seizure of the packsack was valid, the stolen money was lawfully in the sheriff's custody. RCWA 10.79.030 (1961). Therefore, the subsequent search by a federal officer was not unreasonable. See Cooper v. State of California, 386 U.S. 58, 61–62, 87 S.Ct. 788, 17 L.Ed.2d 730.

### Refusal to Grant a Continuance

Evalt's primary defense on retrial was alibi. He attempted to establish that at the time of the robbery in Twisp, he and his family were in Marblemount, Washington. Doris Willi, a waitress and cook at a Marblemount inn, was called to the stand. When asked if she recalled seeing Evalt on September 5, 1963, she stated: "I can't rightly say. He looks a little familiar. * * *" Defendant then moved for a continuance, claiming that the wrong waitress had been summoned. Outside the presence of the jury and under questioning by the court, Mrs. Willi stated that none of the other persons she talked to could definitely identify seeing Evalt in Marblemount on September 5. The trial court denied the motion for a continuance because there was not a showing that the second waitress' testimony would be vital to the defense.

As defendant recognizes, the granting of a continuance to procure an absent witness rests in the sound discretion of the trial court and will not be reviewed on appeal in the absence of a clear showing of abuse. Lemons v. United States, 9 Cir., 337 F.2d 619. Here the trial court found, and there was ample evidence to support this finding, that the absent witness' testimony would be of no particular benefit to the defense. The trial court did not abuse its discretion in refusing to grant a continuance.

### Sufficiency of the Evidence

Count II of the indictment charged defendant with putting life in jeopardy "by the use of a dangerous weapon or device. * * *" 18 U.S.C. § 2113(d) (1964). The robbery took place in the small town of Twisp, located in north-central Washington. A witness standing across the street from the town's only bank testified that a rust-colored Chevrolet came hurriedly up the main street of Twisp and stopped in front of the bank. With the engine still running, a masked person · wearing orange garden gloves emerged from the

---

1. The thrust of defendant's argument is that it was first developed at the second trial that Byrd, the person who reported to the sheriff in Wenatchee that a person answering the bank robber's description was in Stehekin, did not himself have an adequate description to make this determination. However, as we held in the first appeal, this was only one circumstance which gave the *sheriff* probable cause to believe defendant was the fugitive. The sheriff received two radio reports that a person believed to be the bank robber was in the Stehekin area. The description of Mrs. Young, who saw the defendant just before the bank robbery, matched that of Billy Sullivan, who saw the defendant in Stehekin. "These facts * * * gave the sheriff reasonable cause to arrest that man." 359 F.2d at 539.

car and proceeded into the bank. The bank teller testified that this person pointed a pistol at him and demanded all of the bank's money. The witness across the street, believing that he was observing a "club gimmick of some kind, a money drive," saw the robber come out of the bank carrying a pistol in his right hand and a wad of money in his left. The gun was not fired during the robbery and neither witness could tell whether or not it was loaded.

Defendant contends that the evidence does not show that the gun was loaded and is therefore insufficient to show that a dangerous weapon was used to place a person's life in jeopardy. In Wagner v. United States, 9 Cir., 264 F.2d 524, 530–531, we held that there need not be direct evidence that the gun was loaded as long as there is sufficient evidence from which the jury can infer that the gun was loaded. Here the robber pointed a pistol directly at the bank teller and demanded that the money be turned over. When the sheriff apprehended Evalt some four days later, a loaded pistol was found in his packsack. From this evidence a jury could find, just as it could find in Wagner, that the gun was loaded at the time of the robbery and that. it was a dangerous weapon used in such manner as to place the bank teller's life in an objective state of danger.

Refusal to Give an Insanity Instruction

At the first trial defendant's sole defense was insanity. On the retrial following our remand, defendant's primary defense was alibi. No doctors or experts were called by defendant to testify about his possible insanity, and no evidence of his prior mental illness was introduced. The only possible question of defendant's sanity arose as a result of the testimony given by Robert Byrd, a lumberman from Stehekin, who detained Evalt for about three and one-half hours while waiting for the sheriff to arrive. Byrd stated that Evalt "had a strange way of talking too loud," had "kind of a backward sense of values," and was

an "odd person". The trial court refused to give defendant's requested insanity instruction on the ground that there was no evidence on which the instruction could be based.

We agree. We have held that "only 'slight evidence' is sufficient to raise the issue as to sanity to be submitted to the jury, and that 'no quantitative measure is prescribed anywhere, nor could one be formulated, that would enable the *trial judge* to determine precisely and automatically how much evidence is sufficient to raise an issue of sanity of the accused.'" Doyle v. United States, 9 Cir., 366 F.2d 394, 401. On this record we cannot find even "slight evidence" of Evalt's insanity. The "oddities" described by Mr. Byrd only indicate that he found Evalt's conversation odd. It in no way indicated that Evalt was mentally incompetent to commit the offense charged. Thus, it was not error to refuse to give an instruction on insanity.

Refusal to Grant a New Trial

Defendant's final contention is that the trial court erred in not granting him a new trial on the ground of newly-discovered evidence. In his motion for a new trial, defendant presented two affidavits, one of his counsel and one of himself. The affidavits indicated that before the retrial Evalt had a dream wherein, if he followed certain procedures, he would be acquitted by the "voice of God," in his forthcoming trial. Apparently some of defendant's actions following the dream indicated that he believed himself controlled by the directives in his dream. Evalt's counsel did not learn of the dream or of his client's actions until after the trial. It is now claimed that had defendant's counsel known of these facts, he would have renewed the issue of insanity at the retrial.

A motion for a new trial is addressed to the sound discretion of the trial court and may be granted "if required in the interest of justice." Rule 33, Federal Rules of Criminal Procedure; Fernandez v. United States, 9 Cir., 329

F.2d 899, 904. To warrant a new trial on the ground of newly-discovered evidence, it must appear from the motion and affidavits that: (1) the evidence relied on is in fact newly discovered; (2) the movant has been diligent; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) a new trial would probably produce an acquittal. Wright v. United States, 9 Cir., 353 F.2d 362, 365.

Here defendant's counsel was apprised of Evalt's possible defense of insanity. Indeed, the sole defense at the previous trial was based on Evalt's legal insanity at the time he committed the offense. The undisclosed dream was only cumulative of other evidence available and known to defendant's counsel. Furthermore, since the dream occurred long after the robbery, it is unlikely that the newly-discovered evidence would produce a finding of insanity at the time of the robbery. Compare, Nagell v. United States, 5 Cir., 354 F.2d 441. We hold that the trial court did not abuse its discretion in denying defendant a new trial.

Affirmed.