Merle Vernon DERBY, Petitioner,

v.

Hoyt C. CUPP, Warden, Oregon State
Penitentiary, Respondent.

Edwin James BUNCH, Petitioner,

v.

Hoyt C. CUPP, Warden, Oregon State
Penitentiary, Respondent.

Civ. Nos. 68–491, 68–520.

United States District Court
D. Oregon.

July 30, 1969.

Robert J. Miller, Portland, Or., for petitioner Merle Vernon Derby.

Paul N. Daigle, Portland, Or., for petitioner Edwin James Bunch.

Lee Johnson, Atty. Gen., of Oregon, David H. Blunt, Asst. Atty. Gen., Salem, Or., for respondent.

OPINION

SOLOMON, Chief Judge:

Merle Vernon Derby and Edwin James Bunch (Petitioners) are serving terms in the Oregon State Penitentiary for assault and robbery. They seek writs of habeas corpus under 28 U.S.C. §§ 2241–2254, alleging that evidence introduced at their joint trial resulted from an illegal search and seizure. Their petitions, filed separately, raise identical issues, and have therefore been consolidated. All State remedies have been exhausted.

On June 18, 1966, Tewelde Gebremedin, an Ethiopian seaman, was beaten and robbed in Coos County, Oregon, while riding in a car with two men he had met during the day. On June 20, Petitioner Derby was arrested on an unrelated civil assault and battery charge. The arresting officer asked him to drive to the Coos Bay City Hall to be booked. Upon arriving at the City Hall, Derby was informed that he was a suspect in the beating of Gebremedin. He was subsequently identified by Gebremedin, and was then arrested on this charge and placed in jail. Meanwhile, his car remained parked in front of the Coos Bay City Hall. Some time during the next three days, officials moved the car to a parking lot. On June 21, Gebremedin identified his assailant's car as being red and white, a description fitting Derby's car. Gebremedin was then

asked to select his assailants' car from a group of about ten vehicles. He chose Derby's car, and pointed out some blood stains which the police had not discovered. On June 23, Officer Clay Smallwood of the Coos Bay Police Department entered Derby's car without a search warrant and without Derby's knowledge or consent and removed a horn rim and floor mat which were covered with blood. The rim and mat, and the results of the blood tests taken from them, were introduced at the trial.

I find that only Petitioner Derby has standing to challenge the search and seizure. Petitioner Bunch did not own the car, but he claims standing to challenge the search because of his status as a codefendant. Bunch relies on McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), but that case did not deal with *constitutional* error. 28 U.S.C. § 2241. Moreover, *McDonald* involved the search of a room in which both codefendants were present. In Ray v. United States, 412 F.2d 1052 (9th Cir. June 27, 1969), the Court suggested that a codefendant does not have standing to object to the search of his codefendant's person, implying that *McDonald* will not be extended beyond its facts.

 Nor does Bunch have standing on the theory that he had a "privacy" interest in Derby's automobile. A defendant need not have a property right in the place invaded in order to object, Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, the place must be one in which the defendant has "a reasonable expectation of freedom from governmental intrusion." Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). On this principle, Courts have granted standing to the occupant of an apartment belonging to another, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and to the occupant of a shared office in which the defendant had no ownership interest, Mancusi v. DeForte, *supra*. In *Jones* and *Mancusi* the defendants had a continu-

ing interest in the premises searched; that is, they were always able to return to these places to carry on business or merely to relax. In this case, however, the evidence shows no more than that Bunch was a one-time guest in Derby's car. At the time of the search Bunch was neither in the car nor had any right to return to it. Consequently, I find that he has no standing to object to the search. Cf. Parman v. United States, 130 U.S.App.D.C. 188, 399 F.2d 559 (1968) (defendant who abandons premises prior to search has no standing to object).

In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), the Supreme Court held that warrantless searches of automobiles must meet the test of reasonableness. The Court held that a search could not be justified as incident to an arrest without considering whether the purpose of the search was connected with the reason for the arrest, whether the search was contemporaneous with the arrest, whether the evidence was easily destructible or could be moved, and whether the officer's life was threatened.

Here, the Attorney General relies on Cooper v. California, 386 U.S. 58, 87 S. Ct. 788, 17 L.Ed.2d 730 (1967), to justify searches long after an arrest. In *Cooper* the defendant was arrested on a narcotics charge, and a California statute directed that in such a case any vehicle used to transport, sell or facilitate possession of narcotics be held as evidence. The police impounded defendant's car pursuant to the statute. They made a warrantless search of the car several days after the arrest. The Supreme Court upheld the search.

Respondent erroneously contends that the Court in *Cooper* did not rely on the California statute. The Court stated that "the reason for and nature of the custody may constitutionally justify the search." The Court noted that the police were required to keep the car for several months, for a reason related to the arrest, and held that under these circumstances the search was not unreason-

able. The importance of the statute to the *Cooper* decision is apparent in the later case Dyke v. Taylor Implement Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). The facts of that case are similar to those here. Petitioners were arrested for speeding. They were taken to the county jail, and their car was parked outside the jail. While petitioners were in jail the police, without a warrant, searched the car and found a rifle which was subsequently offered as evidence in a prosecution for a crime other than speeding. The Supreme Court, relying on *Preston,* held the warrantless search invalid. The Court distinguished *Cooper*:

"The search in question here is not saved by Cooper v. California, 386 U. S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), which upheld a warrantless search of a car impounded 'as evidence' pursuant to a state statute. The police there were required to seize the car and to keep it until forfeiture proceedings could be completed. In those circumstances, said the Court, '[i]t would be unreasonable to hold that the police, having time to retain the car in their custody for such a length of time, had no right, even for their own protection, to search it.' 386 U.S., at 61–62, 87 S.Ct. at 791. In the instant case there is no indication that the police had purported to impound or to hold the car, that they were authorized by any state law to do so, or that their search of the car was intended to implement the purposes of such custody. Here the police seem to have parked the car near the courthouse merely as a convenience to the owner \* \* \* The reasons that made the warrantless search in *Cooper* reasonable thus do not apply to the search here \* \* \*."

There is no custody statute involved in this case. The police had custody of Derby's car only because the original ar-

rest, for civil assault and battery, involved a misdemeanor. Respondent cites Lockett v. United States, 390 F.2d 168 (9th Cir.1968), and Evalt v. United States, 382 F.2d 424 (9th Cir.1967). Both these cases involved statutes similar to Cooper.

Boyden v. United States, 363 F.2d 551 (9th Cir.1966), also relied on by Respondent, is not in point because there the Court found that there was extreme danger of the evidence being destroyed if the police had waited for a warrant. Cf. Preston v. United States, *supra.*

■ Unlike *Boyden,* Derby's car was parked for three days in front of City Hall and in the parking lot. The police had ample time to secure a warrant. The warrantless search, so remote in time from the arrest, unjustified by any of the considerations enumerated in *Preston,* cannot be supported.

Respondent contends that admitting the evidence was harmless error. I do not agree. The only successful blood tests were taken from the mat and horn rim; the police were unable to get successful tests from blood on a knife found on Derby's person and not involved in the search. The evidence was not cumulative and probably contributed to the conviction. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The petition of Edwin James Bunch is denied.

It is ordered that Merle Vernon Derby be released from the custody of the Warden in thirty day unless a new trial is ordered before that time or unless the Warden appeals.

This opinion shall constitute findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure.