**Winston Bryant McCONNEY, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 22722.**

United States Court of Appeals
Ninth Circuit.

Dec. 30, 1969.

Rehearing Denied April 2, 1970.

Winston B. McConney, appellant herein, was charged along with one Paul L. McAlee with a violation on October 14, 1966, of 26 U.S.C. § 4705(a) (transfer of heroin not in pursuance of a written order).[1] In Counts Two and Three of the indictment McAlee alone was charged with two narcotic offenses alleged to have occurred on October 19, 1966. McAlee was tried separately and was found guilty on all three counts. Thereafter, McConney, who had been a fugitive, was arrested and brought to trial on Count One. Appellant's first jury trial commenced on July 24, 1967. A mistrial was declared the following day due to a juror disability. On July 26 appellant's trial was set for October 9, 1967. It was continued to October 16, and on that day was again continued to October 23, when his second jury trial commenced. Appellant was convicted and he has taken a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

Appellant's specifications of error may be summarized as follows: (1) That the district court erred in not granting appellant's motion for a continuance in order to endeavor to obtain the presence of an alleged material witness; (2) that the district court committed prejudicial error in unduly asking questions of the witnesses during the trial; (3) that certain hearsay testimony was improperly admitted over defense objection; and (4) that compliance with 26 U.S.C. § 4705(a) requires an individual to incriminate himself in violation of the Fifth Amendment.

At the trial the evidence introduced by the prosecution generally developed the following facts. On October 14, 1966, Steve Chesley, an agent of the Federal Bureau of Narcotics, and Jesse Coy, a longtime informant of the Bu-

Murray B. Petersen (argued), Oakland, Cal., for appellant.

David P. Bancroft (argued), Jerrold M. Ladar, Asst. U. S. Attys., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN and BROWNING, Circuit Judges, and PREGERSON, District Judge.[*]

HAMLIN, Circuit Judge.

In the first count of an indictment filed in the United States District Court for the Northern District of California,

---

* Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation.

1. "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

reau, were in the living room of an apartment in Berkeley. McAlee came to the door of the room from the adjoining hall and said, "We are ready, get the money." At that time Chesley gave Coy $450 of official advance funds and Chesley and Coy followed McAlee across the hall to the open door of a bathroom. Chesley testified that McAlee's statement was made in a tone of voice loud enough for Chesley to hear it some 15 to 20 feet away. Chesley further testified that when he was at the door of the bathroom he could see McAlee and appellant inside. At this point appellant said, "There it is," indicating a powdery substance on a chair in the bathroom. Coy said, "Where?" and McAlee replied, "Right there." Coy started to hand the money to McAlee, but appellant grabbed the money out of his hands. Appellant counted the bills, Coy took the powdery substance (later determined to be heroin), and appellant and McAlee left after appellant stated in response to a question by Coy as to whether he wanted to meet his partner, "No, not right now, Man, later."

At McAlee's separate trial in January, 1967, Coy was a witness and corroborated agent Chesley's story. Nevertheless, a few days before the July 24 trial date appellant's counsel attempted to subpoena Coy as a witness. The latter refused to accept the subpoena and when appellant's counsel notified government counsel of this fact, by mutual agreement Coy was arrested on a warrant and released on bail. He appeared in court on July 24. Following the declaration of mistrial the court continued Coy on bail and directed him to appear at the time the case was next set for trial. On October 2, 1967, Coy was advised that the trial date was October 9. He stated that he would present himself at that time. He failed to appear on October 9 and a warrant for his arrest was issued. The case was then continued to October 16 and on that date continued again to October 23. On this latter date appellant's counsel requested another continuance on the ground that Coy still could not be

found. Appellant's counsel at that time had no information to give the court as to where or when Coy could be found.

■■ The granting of a continuance is within the discretionary powers of the trial judge. The exercise of this discretion will not be disturbed on appeal unless there is an abuse of that discretion. Lemons v. United States, 337 F.2d 619 (9th Cir.1964), cert. denied 380 U.S. 946, 85 S.Ct. 1030, 13 L.Ed.2d 964 (1965). We see no abuse of discretion in the denial of a continuance in the circumstances of this case. It had already been more than a year since the indictment of appellant; two continuances had already been had; there appeared to be no assurance that a continuance would result in the production of the missing witness; and the court agreed to admit in evidence a tape recorded statement of the missing witness for purposes of impeachment of Chesley's testimony with regard to appellant's having been in the bathroom at the time of the transaction in question.

■ Appellant's second specification of error requires little discussion. We have examined the record and find that the actions of the trial judge in asking questions of witnesses, including appellant, were not improper. He had the right and the duty to ask clarifying questions and in doing so nothing that he did was prejudicial to the appellant in any way. The record does not disclose that appellant's counsel interposed any objections to the court's questions, nor does it appear how and in what manner appellant suffered any prejudice by the court's actions. We see no merit in this contention.

■ Appellant next contends that the trial judge committed error in allowing into evidence certain hearsay evidence to which objections were appropriately lodged. He first objects to the admission of the statement of McAlee to Coy and Chesley, "We are ready, get the money," which was testified to by agent Chesley. We have outlined above the circumstances in which that statement

was made, and the events which immediately followed that statement. The district judge overruled counsel's objection and admitted the statement, saying "Counsel has now established enough concert of action to justify its admission, aside from the question of the distances, the tone of voice and the volume of voice." We agree that this hearsay testimony was properly admitted in evidence. See Carbo v. United States, 314 F.2d 718 (9th Cir.1963), cert. denied 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964).

■■ Appellant's counsel represented to the court that in March, 1967, Coy had, in an interview in appellant's counsel's office, stated that Chesley was not in the bathroom at the time of the alleged narcotic transaction in question, and that he did not see it. In the discussion of this evidence out of the presence of the jury the court stated that under the circumstances he would permit appellant's counsel to introduce as part of his evidence the tape recording of the interview in which this statement was made, and that he would also allow in evidence any statements made by Coy inconsistent therewith. The trial proceeded and as a part of appellant's case the tape recorded conversation in appellant's counsel's office was admitted in evidence for the purpose of impeaching Chesley's testimony. Counsel for the government then introduced into evidence the prior testimony of Coy at the McAlee trial, in which he stated that Chesley saw appellant in the bathroom. This testimony was allowed into evidence for the limited purpose of impeaching Coy's tape recorded testimony. Agent Chesley was also recalled by the government for purposes of impeachment of Coy's tape recorded statement. He testified as to a statement made by Coy to him subsequent to the taped conversation in which Coy described the circumstances under which the taped statement was made. Upon objection by appellant's counsel that Chesley's testimony as to these details was hearsay, the court struck most of Chesley's testimony and directed the jury to disregard this portion of Chesley's testimony. The question and answer which the court allowed to remain in the record was "Q: Did he [Coy] tell you whether or not the statement that he gave to Mr. Wells and to Mr. Chesney[2] was truth? A: He stated he lied." We see no error in the admission of agent Chesley's testimony in this regard. The hearsay testimony concerning the tape recorded statement had already been admitted on behalf of the defense. While the general rule is that a witness may be impeached by his prior inconsistent statements only after a proper foundation has been laid by inquiring as to whether he made the prior inconsistent statements, that rule has been dispensed with in situations where the witness is unavailable and hearsay evidence is offered to impeach the previously admitted hearsay evidence of the statements of the absent witness. See Carver v. United States, 164 U.S. 694, 17 S.Ct. 228, 41 L.Ed. 602 (1897); People v. Collup, 27 Cal.2d 829, 167 P.2d 714 (1946). See generally, 3 Wigmore on Evidence § 1033 (3rd ed.).

■ Appellant's contention that compliance with 26 U.S.C. § 4705(a) requires the commission of an incriminating act in violation of the Fifth Amendment privilege against self-incrimination has been resolved against appellant in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). We are bound by that decision.

Appellant's conviction for violation of 26 U.S.C. § 4705(a) is affirmed.

---

2. Mr. Wells and Mr. Chesney were lawyers representing appellant, and were the persons to whom Coy had made the taped statement.