**UNITED STATES of America, Appellee,**

v.

**Lino Luis FELIX, Appellant.**

**No. 24875.**

United States Court of Appeals, Ninth Circuit.

April 24, 1970.

Norman J. Kaplan, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, David P. Curnow, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

Lino Luis Felix appeals from his conviction, after a trial to the court without a jury, on three counts of an indictment charging heroin offenses. The first count charged Felix with knowingly and unlawfully receiving, concealing and facilitating the concealment and transportation of illegally imported heroin on February 20, 1969, contrary to 21 U.S.C. § 174. The second count, also based upon section 174, charged defendant with selling and facilitating the sale of the same heroin on the same date. The third count charged him with knowingly and unlawfully selling the same heroin on the same date to Raymond J. McKinnon, without obtaining from McKinnon a written order on a form issued by the Secretary of the Treasury, in violation of 26 U.S.C. § 4705(a). Concurrent five-year sentences were imposed.

Felix argues that the application of the presumption in 21 U.S.C. § 174 deprived him of due process of law because there is not the constitutionally-required rational connection between the presumed facts and the facts actually proved.

The Supreme Court has recently rejected a similar contention. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). While Felix thinks *Turner* was wrongly decided, we are bound by it.

Defendant contends that the convictions are not supported by the evidence. Insofar as counts one and two are concerned, this argument is predicated on the view that the testimony of the Government witness, Carl Stiles, was so "improbable" and he was "so shoddy a witness" that the convictions cannot properly be grounded upon it, and that, without his testimony, counts one and two were not proved. Defendant grants that the credibility of witnesses is a matter for the trier of fact. But he seeks to discount that rule by calling attention to the fact that Stiles was an accomplice and that therefore his testimony must be received and considered with great caution. *See* Moody v. United States, 376 F.2d 525 (9th Cir. 1967).

We find nothing in the record to indicate that the trial judge, who was the fact-finder, did not receive and consider Stiles' testimony with great caution. While there were certain inconsistencies and discrepancies in Stiles' testimony, we do not accept defendant's appraisal of this witness as "shoddy" or of his testimony as "improbable." In any event, it is not for the appellate court to determine the credibility of witnesses or

to weigh the evidence. Pederson v. United States, 392 F.2d 41, 43 (9th Cir. 1968).

Felix argues that the trial court abused its discretion in refusing to grant his motion for a new trial. The motion was based upon assertedly newly-discovered evidence as to Carl Stiles' truth and veracity and his character as a witness.

 The motion was not supported by an affidavit. The "evidence" referred to was principally hearsay and therefore inadmissible. The "evidence" pertained solely to the credibility of a witness. Under these circumstances we hold that the trial court did not abuse its discretion in denying the motion. *See* Evalt v. United States, 382 F.2d 424, 428–429 (9th Cir. 1967).

Defendant's remaining arguments were addressed to his conviction, under the third count, of a violation of 26 U.S.C. § 4705(a). The sentences were concurrent and therefore, in the exercise of our discretion, we decline to consider the constitutional and other problems defendant poses with respect to that count. *See* Jordan v. United States, 416 F.2d 338, 346 (9th Cir. 1969).

Affirmed.