**UNITED STATES of America,**
**Appellee,**

v.

**Manuel REVUELTA, Appellant.**

**No. 25981.**

United States Court of Appeals,
Ninth Circuit.

Jan. 8, 1971.

**51**

Schouweiler, U.S.Atty., Las Vegas, Nev., for appellee.

Before HAMLIN, ELY, and TRASK, Circuit Judges.

PER CURIAM:

Revuelta appeals from his conviction on two counts of a five-count indictment, the only two which named him as a defendant. A codefendant, one Noriega, was charged and convicted on all five counts. One count charged Revuelta with having violated 21 U.S.C. § 174, the other with having violated 26 U.S.C. § 4705(a). He was sentenced to five years imprisonment on each count, and it was ordered that the sentences should run concurrently. We affirm.

Revuelta makes several contentions, which can be combined as follows: First, he argues that the evidence was insufficient to prove his knowledge that the cocaine he was charged with possessing, under 21 U.S.C. § 174, had been illegally imported. Second, he maintains that the testimony of a narcotics agent, that he, Revuelta, admitted to the agent, in telephone conversations, his knowledge of the illegal importation of other narcotics, not involved in the indictment, was highly prejudicial. He also argues that the testimony was received without a proper foundation having been established for its admission.

██ Since the sentences were concurrent, we need not reach these contentions, inasmuch as the conviction under 26 U.S.C. § 4705(a) was supported by an overwhelming weight of evidence. Knowledge of a drug's illegal importation is not a necessary element of the offense of selling the drug without complying with the written order form requirement of the statute. Aggers v. United States, 366 F.2d 744 (8th Cir.), cert. denied, 385 U.S. 1010, 87 S.Ct. 719, 17 L.Ed.2d 548 (1966).

Nevertheless, we note that the evidence of knowledge in this case was stronger than that presented by the prosecution in United States v. Williams, 435 F.2d 642 (9th Cir. Nov. 23, 1970),

Thomas Pursel (argued), Las Vegas, Nev., for appellant.

Wm. Patterson Cashill, Asst. U.S. Atty., Las Vegas, Nev. (argued), Bart M.

wherein our court affirmed a conviction under 21 U.S.C. § 174. There, the accused's knowledge of illegal importation was held to have been established, in part, by a statement of a codefendant, made outside the presence of Williams. Here, on two separate occasions, Revuelta was present when his codefendant, Noriega, stated to narcotics agents that the subject cocaine had come from Spain. On neither occasion did Revuelta utter a denial of that representation or express any ignorance about the source of the drug.[1]

Affirmed.

---

1. Judge Ely wishes to record his strong and continuing belief that Williams was wrongly decided. At the same time, he believes that the facts of this case are so different that his dissenting comments in Williams are not applicable.