**Jesus Enrique NORIEGA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25574.**

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1971.

Certiorari Denied April 19, 1971.
See 91 S.Ct. 1380.

Jerry J. Kaufman (argued), of Jones, Jones, Close, Bilbray & Kaufman, Las Vegas, Nev., for appellant.

William Cashill (argued), Asst. U. S. Atty., Bart M. Schouweiler, U. S. Atty., Las Vegas, Nev., for appellee.

Before DUNIWAY, ELY and TRASK, Circuit Judges.

PER CURIAM:

Noriega appeals from his conviction on five counts of a five-count indictment charging violations of federal narcotics laws arising out of two separate transactions involving cocaine.[1] Appellant stands convicted on two counts of violating 21 U.S.C. § 174 (Sale or Facilitation of the Sale of Unlawfully Imported Cocaine) and three counts of violating 26 U.S.C. § 4705(a) (Transferring Cocaine Without a Written Order Form). He received a five-year sentence as to each count with all sentences to run concurrently. We affirm.

Appellant contends that there is insufficient evidence to prove that he had knowledge of the illegal importation of the cocaine which he is charged with selling in violation of 21 U.S.C. § 174. He argues that the only evidence of his knowledge is the testimony of a narcotics agent as to statements made to him by co-defendant Revuelta over the telephone concerning the foreign origin of the narcotics. Appellant further argues that this testimony was admitted into evidence without a proper foundation being laid as to the identity of the party with whom the agent conversed.

■ Appellant presents no challenge to his conviction under 26 U.S.C. § 4705(a). As this court pointed out in United States v. Revuelta, 437 F.2d 50 (9th Cir. Jan. 8, 1971), knowledge of illegal importation is not an element of that offense, and consequently, the concurrent sentence doctrine makes it unnecessary for us to decide the questions posed by appellant. E. g., United States v. Tamayo, 427 F.2d 1072 (9th Cir. 1970); United States v. Wong, 425 F.2d 1077 (9th Cir. 1970); United States v.

Felix, 425 F.2d 240 (9th Cir. 1970); Jordan v. United States, 416 F.2d 338, 346 (9th Cir. 1969), cert. denied, 397 U. S. 920, 90 S.Ct. 930, 25 L.Ed.2d 101 (1970).

■ Notwithstanding this fatal defect, we find that on the merits of the appeal, appellant's contentions are not persuasive. The circumstantial evidence surrounding the challenged telephone conversations was sufficient for us to conclude that the trial judge did not abuse his discretion in determining that a prima facie case of identification had been made out. Carbo v. United States, 314 F.2d 718, 742–743 (9th Cir. 1963), cert. denied, 377 U.S 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964). After having completed a sale of cocaine with Revuelta and Noriega on February 18, 1969, the narcotics agent was given a business card by Revuelta and instructed to call the telephone number listed thereon. The agent made several calls to that number. Pursuant to one of the calls he was told Noriega would call him. Noriega did, in fact, call and arrangements were made which ultimately resulted in a sale of cocaine by Noriega on March 20, 1969.

■ Where there is enough independent evidence of a concert of action, as there was in this case, the mere statement of co-defendant Revuelta as to the foreign source of the cocaine, made out of appellant's presence, has been held sufficient to establish that appellant had knowledge of its illegal importation. United States v. Williams, 435 F.2d 642, (9th Cir. Nov. 23, 1970). In this case the evidence of appellant's knowledge is much stronger than that present in *Williams*. Here there was testimony from a narcotics agent that appellant had stated on February 17, 1969, that the cocaine he had at that time, and which was subsequently transferred, was from Spain. There was also testimony as to similar statements made by appellant on March

---

1. His co-defendant, Manuel Revuelta, was charged and convicted on two counts of the indictment. Revuelta's conviction was affirmed recently by this court, United States v. Revuelta, 437 F.2d 50, (9th Cir. Jan. 8, 1971).

20, 1969, concerning the Peruvian origin of the cocaine he was transferring on that occasion.

Affirmed.