**UNITED STATES of America,
Appellee,**

v.

**William Fillmore CROUCH, Appellant.**

**No. 26433.**

United States Court of Appeals,
Ninth Circuit.

April 30, 1971.

Rehearing Denied July 21, 1971.

Leonard Nolting, Oakland, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., John Milano, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

William Fillmore Crouch was found guilty after a jury trial of the offense of armed bank robbery, 18 U.S.C. § 2113(a) (d), and of conspiracy to commit bank robbery, 18 U.S.C. § 371. On June 12, 1970, he was committed to the custody of the Attorney General for a term of 20 years on the conviction of armed bank robbery and for a term of five years on the conspiracy conviction, the sentences to be served concurrently.

Two banks in Santa Rosa, California, were robbed on the same day at approximately the same time by lone robbers. One was the Lincoln National Bank and the other the Exchange Bank. As to the substantive count of armed bank robbery, the appellant was positively identified as the individual who robbed the Lincoln National by four persons who were inside the bank at the time and by one person who saw appellant outside the bank. No serious objection is made with respect to the proceedings leading to this conviction. It is affirmed. The conspiracy charge was based upon appellant's relationship with the lone robber of the Exchange Bank.

A number of issues have been raised with respect to the verdict on the conspiracy count but we feel not compelled to decide them in view of the fact that the five-year term which was imposed

for conviction on this count is to be served concurrently with the 20 year sentence to be served for the conviction on the substantive charge about which there is no question. Benton v. Maryland, 395 U.S. 784, 787, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Noriega v. United States, 437 F.2d 435 (9th Cir. 1971); Jordan v. United States, 416 F.2d 338, 346 (9th Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 930, 25 L.Ed.2d 101 (1970); Page v. United States, 356 F.2d 337, 338 (9th Cir. 1966).

Judgment affirmed.