UNITED STATES of America, Plaintiff-Appellee,

v.

John Angel RAMIREZ, Defendant-Appellant.

No. 72–1286.

United States Court of Appeals, Ninth Circuit.

July 17, 1972.

Ronald LeMieux, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., John F. Walter, William Jon Rathje, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

John A. Ramirez appeals his convictions by a judge without a jury of aiding and abetting in violation of 18 U.S. C. § 2 the sale to an FBI undercover agent of 106.66 grams of heroin in violation of 21 U.S.C. § 174 (sale of an illegally imported narcotic) and 26 U.S.C. § 4705(a) (sale of a narcotic without the required Treasury order forms). We affirm.

On April 24, 1970, Leon Famera, an FBI undercover agent, commenced negotiations with Johnny Rodriguez for the purchase of heroin. Famera met with Rodriguez and appellant Ramirez in a bar to negotiate the deal. Rodriguez told Famera that the price of a kilo of heroin was $15,000, to which Ramirez added, "Or two [kilos] for $25,000." Ramirez gave Famera his telephone number, and Rodriguez instructed the FBI agent to call Ramirez if he had any problems. After this personal meeting, Famera did not see Ramirez again.

The terms of the deal were negotiated during personal meetings and telephone conversations between Rodriguez and Famera. On May 1, Ramirez called Famera to obtain a phone number for Rodriguez to call. Later, Ramirez gave Famera a phone number, which was registered to Ramirez, to call at noon the next day. When Famera did reach Ramirez, he was told to "sit tight" and wait for Rodriguez to call him. On May 3, Ramirez again phoned Famera and instructed him to meet Rodriguez at a liquor store with the money. In still another phone conversation, Ramirez assured the nervous Famera that all was well since Rodriguez was "careful—he's been doing this for quite some time."

Because Rodriguez suspected that he was being followed by the FBI, the actual sale was delayed until May 10, when Rodriguez exchanged a package containing heroin with Famera. Famera did not have the requisite Treasury order forms, nor did Rodriguez ask for them.

 Ramirez argues that the evidence is insufficient to sustain his conviction for aiding and abetting a violation of 26 U.S.C. § 4705(a) because the Government failed to prove that anyone had committed the substantive crime. United States v. Jones, 425 F.2d 1048 (9th Cir. 1970). However, Famera testified that he did not have the order forms and that Rodriguez did not inquire about them. This testimony proved that Rodriguez committed the substantive crime since it is unnecessary

under § 4705(a) to prove either actual possession of the narcotic, United States v. Sannicandro, 434 F.2d 321, 324 (9th Cir. 1970) (analogous marijuana provision), or knowledge of illegal importation, United States v. Revuelta, 437 F.2d 50 (9th Cir. 1971). The evidence was therefore sufficient to prove that Ramirez was guilty of aiding and abetting a violation of § 4705(a).

■ Since Ramirez received concurrent sentences, we need not consider his argument that the evidence is insufficient to sustain his conviction for aiding and abetting a violation of 21 U.S.C. § 174. Noriega v. United States, 437 F.2d 435 (9th Cir. 1971); *Revuelta, supra.*

Affirmed.