18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jason A. EDWARDS, Appellant.
 No. 93-3025.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 25, 1994.
 
 Appeal from the United States District Court for the District of Columbia, No. 92 cr 00258-01; Thomas F. Hogan, District Judge.
 D.D.C.
 AFFIRMED.
 Before BUCKLEY, WILLIAMS, and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 The police had probable cause to arrest Edwards. "[Probable cause] to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person ... in believing ... that the suspect has committed ... an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Here, the police had lawfully discovered the drugs, and the only question that remained was who was carrying them. All the circumstances pointed to Edwards.
 
 
 3
 Furthermore, the police did not require a warrant to reopen Edwards's tote bag in order to reexamine the adapter. See Evalt v. U.S., 382 F.2d 424, 427 (9th Cir.1967) ("second look" by police at potential evidence did not require warrant); see also United States v. Grill, 484 F.2d 990, 991 (5th Cir.), cert. denied, 416 U.S. 989 (1973) ("[I]tems in question have been exposed to police view under unobjectionable circumstances, so that no reasonable expectation of privacy is breached by an officer's taking a second look"); United States v. Jenkins, 496 F.2d 57, 74 (2d Cir.1974), cert. denied, 420 U.S. 925 (1975) ("No reasonable expectations of privacy were invaded and no search occurred when police officers simply looked again at what they had already seen."); United States v. Corral, 970 F.2d 719, 725 (10th Cir.1992) ("where the police have already seen the contents of a seized container prior to conducting the search, there is no significant additional invasion of privacy involved in searching the container"). Here, on the "second look" in Edwards's tote bag, the police did not discover an item in which Edwards retained a privacy expectation. They simply found what they already knew was there.
 
 On consideration of the foregoing, it is
 
 4
 ORDERED AND ADJUDGED by the court that Edwards's conviction be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.