NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50612 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01028-PA-2 |
| v. | |
| RONNIE FEKRAT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 3, 2011 **
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District
Judge. ***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for Northern Illinois, Chicago, sitting by designation.

Defendant-Appellant Ronnie Fekrat appeals the district court's denial of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, as well as its order denying his application for appointment of counsel in connection with the Rule 33 motion. Fekrat contends that the district court erred in finding that his motion was not based on newly discovered evidence. He also asserts that the district court failed to adequately explain its reasons for denying his application for appointment of counsel.

We affirm. The district court did not abuse its discretion in determining that Fekrat's motion was untimely under Rule 33 because it was not based on evidence that was newly discovered after the trial. *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010); Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."). Fekrat's motion presented two claims. The first was that the government overstated at trial the volume of phone calls between Fekrat and a co-schemer, Johnson. The government, however, produced the relevant telephone records to Fekrat prior to trial. Thus any claim that the government overstated what the records showed was not based on newly discovered evidence.

Fekrat's second claim was that the government presented perjured testimony by Johnson, who cooperated with the government and testified on its behalf.

Fekrat alleged that Johnson had falsely testified that he had been given no promises regarding his sentence. However, Fekrat failed to provide the district court with evidence supporting this contention. *See United States v. Felix*, 425 F.2d 240, 242 (9th Cir. 1970) (affirming denial of motion for new trial based on allegation of newly discovered evidence where allegation "was not supported by an affidavit" and "pertained solely to the credibility of a witness"). Thus he offered no newly discovered evidence.

In his reply brief on appeal, Fekrat provided evidence that he contends supports his claim regarding perjured testimony. That evidence comes far too late to permit this Court to vacate the district court's ruling denying Fekrat's motion for new trial. That said, it is conceivable that this evidence might serve as the basis for a motion pursuant to 28 U.S.C. § 2255. The Court expresses no view regarding the merits of any such motion that Fekrat might file.

Finally, because Fekrat's Rule 33 motion was untimely, the court's denial of his application for appointment of counsel was not erroneous.

**AFFIRMED.**