Genaro Ruben **FUENTES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16758.

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1960.

Rehearing Denied Dec. 7, 1960.

Albert Armendariz, Arturo R. Aguirre, El Paso, Tex., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Russell R. Hermann, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

The appellant and one Torres were indicted in a five-count indictment for violation of the federal narcotics laws. Each count charged a violation of Title 21 U.S.C.A. § 174. Count one charged that on or about July 2, 1959, appellant and Torres knowingly concealed, transported, and facilitated the concealment and transportation of a specified quantity of heroin. Count two related to the same heroin mentioned in count one, and charged that appellant and Torres sold and facilitated the sale thereof. Count three charged that on or about July 6, 1959, appellant and Torres knowingly concealed, transported, and facilitated the concealment and transportation of a specified quantity of heroin. Count four related to the same heroin mentioned in count three, and charged that appellant and Torres sold and facilitated the sale thereof. Count five charged that on or about July 8, 1959, appellant and Torres knowingly concealed, transported, and facilitated the concealment and transportation of a specified quantity of heroin. The indictment contained a sixth count against the appellant only, which charged a violation of Title 21 U.S.C.A. § 176a, in that on or about July 8, 1959, the appellant knowingly received, concealed and facilitated the transportation and concealment of a specified quantity of marihuana.

Following a jury trial, appellant and Torres were convicted on each of the first five counts in the indictment, and in addition the appellant was convicted of the offense set forth in the sixth count of the indictment.

The appellant was sentenced to the custody of the Attorney General for a period of 20 years on each count, all sentences to run concurrently. Thereafter, on timely motion of the appellant, the district judge reduced the sentence on each count to 12 years, all sentences to run concurrently. From that judgment appellant appeals.

The district court had jurisdiction under Title 18 U.S.C.A. § 3231, and this Court has jurisdiction on appeal under Title 28 U.S.C.A. §§ 1291 and 1294.

On this appeal appellant contends:

1. That his motion for acquittal made at the close of all the testimony should have been granted;

2. That the trial court erred in denying appellant's motion to strike from the evidence the exhibits consisting of heroin and marihuana;

3. That the trial court erred in admitting into evidence the exhibits consisting of marihuana; and

4. That the trial court erred in admitting into evidence as against the appellant conversations between Torres and certain of the arresting and surveilling officers.

Before considering the contentions of appellant, we will briefly summarize the testimony which was before the jury. Since the appellee was the prevailing party, we must view the testimony in the light most favorable to support the judgment. We must also bear in mind that the jury impliedly resolved all disputed questions of fact adversely to the appellant.

We will first consider the evidence relating to count six of the indictment, in which appellant alone was charged with the offense of knowingly receiving, concealing, and facilitating the transportation and concealment of marihuana. Following the transaction alleged

in count five of the indictment appellant was arrested. He was then taken to his home by the arresting officers and his home searched. During the search a package was found in the headboard of the bed in appellant's bedroom. He was asked as to the contents of the package and replied that the package contained marihuana. At the trial the marihuana was received in evidence as against the appellant. No motion to suppress this evidence was made by appellant prior to trial nor during the trial of the case, as contemplated by Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A. Appellant moved that the exhibits relating to and including the marihuana be stricken from the evidence on the grounds that the exhibits were not properly identified and that the requisite foundation for their admission was lacking. On this appeal appellant contends that the search of appellant's home which revealed the marihuana was illegal, in that the search was made without a search warrant. There is substantial evidence in the record that appellant voluntarily consented to the search after being advised that he was not required to do so. In view of the substantial evidence indicating voluntary consent to the search, and appellant's failure to make timely objection to the introduction of such evidence, we find no error on the part of the trial court in the denial of appellant's motion to strike such exhibits from the evidence. We are satisfied that there was sufficient evidence before the jury to support the conviction of appellant on count six.

In view of the imposition of concurrent sentences on all counts and the fact that appellant was validly convicted on count six, a reversal cannot be had regardless of the validity of the conviction on the other counts. Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; Winger v. United States, 9 Cir., 1956, 233 F.2d 440; King v. United States, 9 Cir., 1960, 279 F.2d 342. Nevertheless we will consider appellant's contentions relating to such other counts.

Appellant's main contention in respect to his conviction on counts one to five, inclusive, is that the evidence was insufficient to admit as against the appellant the exhibits relating to and consisting of heroin, and that the statements and admissions made by the codefendant Torres out of the presence of the appellant and to the arresting officers were hearsay and not admissible against the appellant, and that therefore the other evidence received as against appellant was insufficient to sustain his conviction. At the trial appellant objected to the introduction as against the appellant of statements made by the codefendant Torres solely on the ground that since there was no count charging a conspiracy between appellant and Torres that it was error to admit the statements and admissions of Torres. On this appeal appellant concedes that the admissions and statements of a codefendant may be admissible as against the other defendant in the absence of a conspiracy count in the indictment if there is sufficient independent evidence of a concert of action between the defendants to sustain the jury's verdict of guilt. Such is the law. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593; United States v. Olweiss, 138 F.2d 798, at page 800, wherein the court stated:

"The notion that the competency of the declarations of a confederate is confined to prosecutions for conspiracy has not the slightest basis; their admission does not depend upon the indictment, but is merely an incident of the general principle of agency that the acts of any agent, within the scope of his authority, are competent against his principal."

The test as to whether or not the statements and admissions of a codefendant may be used against a defendant was laid down in Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, at page 249, 38 S.Ct. 65, at page 72, 62 L.Ed. 260, where the court stated:

"In order that the declarations and conduct of third parties may be ad-

missible in such a case, it is necessary to show by independent evidence that there was a combination between them and defendants, but it is not necessary to show by independent evidence that the combination was criminal or otherwise unlawful. The element of illegality may be shown by the declarations themselves."

In the instant case the statements and admissions of Torres were not received against the appellant until there was first received ample evidence, apart from the admissions and statements of Torres, from which the jury might reasonably infer the existence of a conspiracy or concert of action on the part of appellant and Torres, to violate the federal narcotics laws. This independent evidence in part consisted of (1) the fact that appellant was physically present at the scene of each transaction alleged in counts one to five, inclusive; (2) there was contact between Torres and the appellant in each transaction between the receipt of the purchase price by Torres from the Treasury agents and the time Torres made actual delivery of the heroin to the Treasury agents; (3) in each transaction there was testimony by the Treasury agents that something was seen to pass between Torres and the appellant; and (4) there were oral admissions made by the appellant to the Treasury agents that he acquired the heroin from sources in Mexico and San Diego.

On this point appellant relies heavily on a decision of this Court in Ong Way Jong v. United States, 9 Cir., 1957, 245 F.2d 392. In our view such reliance is misplaced. The Ong case is clearly distinguishable on its facts from the instant case.

Appellant contends that the exhibits relating to and including the heroin arising out of counts one to five of the indictment should not have been received as against the appellant. The only objection made during the trial to the admission of such exhibits was that they were not properly identified and that no proper foundation had been laid. On this appeal appellant argues that viewing the evidence in the light most favorable to the appellee the appellant was only a messenger or a procuring agent for Torres. This defense was not raised at the trial, nor was any request made that such defense be covered by an instruction. In our view the exhibits were properly received against the appellant for the same reason that we hold that the admissions and statements of Torres were admissible, to-wit, on the ground that the jury could reasonably infer from the independent evidence that a partnership or confederation existed between Torres and appellant to violate the federal narcotics laws. The trial court did not err in admitting such exhibits as against the appellant.

Judgment affirmed.