Robert Norman **PEDERSON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 21729.

United States Court of Appeals
Ninth Circuit.

March 26, 1968.

Michael W. Rotberg (argued), of Boyko & Simmons, Los Angeles, Cal., for appellant.

Theodore Orliss (argued), Asst. U. S. Atty., William M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Div., Gabriel A. Gutierrez, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and CARR, District Judge.

CARR, District Judge.

This is an appeal from a conviction on a four-count indictment charging conspiracy to smuggle goods into the United States, in violation of Title 18, United States Code, Section 371; concealment and transportation of amphetamine sulfate tablets and barbiturate capsules, in violation of Title 18, United States Code, Section 545; and possession of stimulant or depressant drugs, in violation of Title 21, United States Code, Sections 331(q) (3) and 360a(c).

Appellant contends that the evidence was insufficient and, in particular, it failed to establish a *corpus delicti.*

In the latter part of May 1966, Customs Agent David F. Burnett learned from an informant that he had been hired by an unidentified male Mexican to drive a 1955 Mercury automobile, California License No. GIX 090, equipped with a gasoline tank with a false compartment containing pills, from Tijuana, Mexico to a Sam's Restaurant in Huntington Beach, California. The informant had

been instructed to park the automobile in the parking lot of the restaurant. There, supposedly, he was to wait one hour and then he would find $100.00 in the car.

On May 31, 1966, Agent Burnett observed the Mercury driven by informant enter the United States through the Port of San Ysidro, California. Thereafter, surveillance on the Mercury was maintained as it proceeded north on Pacific Coast Highway. During the trip Agent Burnett inspected the automobile by kicking the gas tank, and determined that there was a rattle which appeared to sound like pills or small articles. On the trip the Mercury stopped for gas every 35 or 40 miles. At San Clemente, California, the Mercury was placed on a hoist and the gas tank inspected. Again Agent Burnett heard the rattle of what he concluded were pills.

Upon arrival at Sam's Restaurant in Huntington Beach, the Mercury was parked in the parking lot at approximately 5:25 p. m. The informant went into the restaurant. At approximately 5:35 p. m., two agents observed a white Ford Ranchero, California License No. NWG 629, drive by the restaurant and park across the street. The two occupants left the truck and went into the Chicken Coop Restaurant. The driver was appellant Robert Norman Pederson and the passenger was co-defendant Jerry Wayne Clark. These two men came out of the Chicken Coop Restaurant and drove north on Pacific Coast Highway.

At approximately 6:30 p. m., the Ranchero truck returned, being driven by appellant, and stopped alongside the Mercury. The co-defendant got out of the truck, got into the Mercury and drove away. Appellant followed closely in the truck.

Customs Agents continued to maintain surveillance of both vehicles, and after a time it became apparent that both drivers were aware of being followed and began to take evasive tactics. After the two automobiles had taken separate but parallel routes, both were stopped and the occupants arrested. Appellant was driving the Ranchero truck and co-defendant Clark the Mercury. An examination of the gasoline tank of the Mercury was made. It was removed and found to contain approximately 100,000 white amphetamine sulfate tablets and 486 red barbiturate capsules.

The Mercury was registered to James E. and Tina Heintz, 15717 Brighton Street, Apartment B, Gardena, California. This was appellant's mother's residence address and appellant was the landlord of that apartment house. Mrs. Heintz testified that she and her husband sold the automobile to two men in July 1965, and she identified co-defendant Clark and appellant Pederson as the men who made the purchase. Her husband, James Heintz, corroborated her testimony concerning the purchase and delivery of the car. But appellant contends that these two witnesses had difficulty in identifying appellant and were uncertain in their testimony. Also, two witnesses were called by the defendant who gave testimony which was conflicting with the testimony given by Mr. and Mrs. Heintz.

 It is not for this court to determine the credibility of witnesses or weigh the evidence. The conflict in the evidence as to the ownership of the automobile was a matter for the trier of the facts, namely, the jury. The verdict of the jury must be sustained if there is substantial evidence after viewing it in the light most favorable to the Government. These principles require no citation of authority.

 The evidence in this case was sufficient to show appellant's participation in the offenses charged.

 It appears that the real contention of appellant is that there was no proof of *corpus delicti*. This contention

is based upon the premise that it was the Government employee or informant who actually imported the narcotics into the United States, not the defendant. This theory cannot be sustained since this court has held that the mere fact that the proof establishes that the importation was by a Government informant who was assisted by Government agents does not absolve those initiating and participating in the commission of the offense. [Juvera v. United States, (9th Cir.) 378 F.2d 433].

The judgment of conviction on all counts of the indictment is affirmed.