**UNITED STATES of America,**
**Appellee,**

v.

**Robert Harry GOULD, Appellant.**

**No. 23890.**

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1969.

Rehearing Denied March 27, 1970.

---

1. The union lost by a vote of 34–31.

Michael S. Hegner (argued), San Diego, Cal., for appellant.

Shelby Gott (argued), Asst. U. S. Atty., Edwin L. Miller, U. S. Atty., San Diego, Cal., for appellee.

Before HUFSTEDLER and TRASK, Circuit Judges, and PLUMMER, District Judge.*

PER CURIAM:

This is an appeal by Robert Harry Gould from his conviction on two counts of (1) knowingly smuggling and clandestinely introducing marihuana into the United States and (2) knowingly concealing and facilitating the transportation and concealment of marihuana in violation of 21 U.S.C. § 176a. We affirm.

The evidence, viewed in the light most favorable to the government, is as follows: Appellant, a twenty-one year-old college student who lived in Mission Beach, California, asked one Dominic Chimblo to help him obtain marihuana. On November 27, 1967, Chimblo accompanied Gould and Gould's roommate, Paul Fleisher, to a ranch in Mexico and introduced them to the proprietor, one Dave, who sold Gould and Fleisher sixty kilos of marihuana. Unknown to the others, Chimblo was acting as an agent for the United States government in order to "help himself" in a pending narcotics charge. The marihuana was loaded into a 1957 Ford supplied by Dave which was driven across the border in the early morning of November 28 by Chimblo. Gould and Fleisher preceded Chimblo across the border in Fleisher's car. Both cars passed the border inspection—Fleisher's because it contained no marihuana and Chimblo's because the customs agents had been informed of Chimblo's agency with the government. Agents, however, followed the two cars and arrested Gould later that morning as he was driving the Ford in San Diego. They found fifty-nine kilos of marihuana in the car.

Gould was found guilty on both counts at jury trial in the United States District Court for the Southern District of California on October 21, 1968, and was sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b).

Gould asserts that he did not violate 21 U.S.C. § 176a [1] because there was no proof of *corpus delicti*. The marihuana was not "smuggled" into the United States as the government agent, Chimblo, brought it in with the knowledge and acquiescence of the customs officials. This Court has held that importation by a government informant, aided by government agents, does not absolve those participating in the commission of the offense. Juvera v. United States, 378 F.2d 433, 437 (9th Cir. 1967), cert. denied, 389 U.S. 1008, 88 S.Ct. 568, 19 L.Ed.2d 604 (1967); Pederson v. United States, 392 F.2d 41, 44 (9th Cir. 1968); McClain v. United States, 417 F.2d 489 (9th Cir. 1969). See also, Haynes v. United States, 319 F.2d 620

---

* The Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

1. 21 U.S.C. § 176a reads as follows: "Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned * * * and, in addition, may be fined * * *."

(5th Cir. 1963), cert. denied, 375 U.S. 885, 84 S.Ct. 161, 11 L.Ed.2d 115 (1963).

 Appellant further contends that he committed no offense under count one of the indictment which charged that he "knowingly smuggled and clandestinely introduced" marihuana into the country because the marihuana was brought across the border in the car driven by Chimblo. There was substantial evidence, however, that appellant aided and abetted the smuggling of the marihuana. Whoever aids or abets the commission of an offense against the United States is punishable as a principal. 18 U.S.C. § 2; Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S. Ct. 766, 93 L.Ed. 919 (1949).

There was also substantial evidence, viewing it in the light most favorable to the government pursuant to *Pederson, supra,* 392 F.2d at 43, that appellant "knowingly concealed, and facilitated the transportation and concealment of" marihuana in violation of 21 U.S.C. § 176a as charged in count two of the indictment.

We have considered appellant's other contentions and find them without merit.

Judgment affirmed.