U. S. ex rel. August R. GUELDNER,
Petitioner-Appellant,

v.

Louis E. HEYD, Jr., Sheriff, Orleans Par-
ish Prison, Respondent-Appellee.

No. 30071

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1970.

Dean A. Andrews, Jr., Michael F. Barry, New Orleans, La., for petitioner-appellant.

Jim Garrison, Dist. Atty., John P. Volz, Louise Korns, Asst. Dist. Attys., Parish of Orleans, New Orleans, La., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a state prisoner's petition for a writ of habeas corpus.[1]

■ Appellant and others were charged with possessing and selling marijuana on the date of May 21, 1965. In his opening statement to the jury the prosecutor referred to evidence of a subsequent sale of marijuana and heroin to a different undercover agent, occurring on May 28, 1965, which the prosecution intended to introduce to prove knowledge and intent. The evidence was later offered and received. Appellant contends that although such evidence would

---

\* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409. Part I.

1. The proceedings below, on petition of appellant and others for rehearing, are reported as Gueldner v. Heyd, 311 F.Supp. 1168 (E.D.La.1970). The original judgment of January 30, 1970 does not appear to be officially reported. Except for the issue of the trial court's charge on conspiracy, dealt with on rehearing, 311 F.Supp. at 1175–1176, the issues raised on this appeal were disposed of in the January 30 judgment.

For related proceedings concerning this appellant see State v. Skinner, 251 La. 300, 204 So.2d 370, rev'd on rehearing, 251 La. 330, 204 So.2d 380 (1967), cert. dismissed as improvidently granted, 393 U.S. 473, 89 S.Ct. 704, 21 L.Ed.2d 684 (1969).

be admissible in rebuttal if defendant offered the defense of lack of knowledge or intent, it is not admissible in the prosecution's case in chief and may not be referred to in the prosecutor's opening remarks. This error, it is said, deprived appellant of due process of law in violation of the Fourteenth Amendment. The state responds that the opening statement was proper and the evidence admissible to prove knowledge, system or intent. It argues in the alternative that it is admissible as part of the *res gestae*, since the subsequent sale occurred at the same location and within a week of the sale on the basis of which appellant was charged, and involved the same three defendants. The Louisiana Supreme Court held that there was no error under Louisiana law. 204 So.2d at 380–382.

The three defendants were jointly charged with substantive offenses of possession and sale. The trial court charged the jury on conspiracy as well. Appellant contends that this too was a denial of due process. On rehearing, the Louisiana Supreme Court held that it was not error. 204 So.2d at 392–394.

Neither the claim that evidence of the subsequent sale was improperly alluded to and admitted, Lisenba v. California, 314 U.S. 219, 227–229, 62 S.Ct. 280, 86 L.Ed. 166, 175–176 (1941) ; Nees v. Culbertson, 406 F.2d 621, 624–625 (5th Cir. 1969), cert. denied, 395 U.S. 959, 89 S. Ct. 2098, 23 L.Ed.2d 745; *see* Spencer v. Texas, 385 U.S. 554, 560–563, 87 S.Ct. 648, 17 L.Ed.2d 606, 612–613 (1967), nor the claim that the conspiray charge was erroneous, *cf.* United States v. Olweiss, 138 F.2d 798, 800 (2d Cir. 1943), cert. denied, 321 U.S. 744, 64 S.Ct. 483, 88 L.Ed. 1047 (1944) ; Fuentes v. United States, 283 F.2d 537, 539 (9th Cir. 1960), is of constitutional dimensions. Therefore, neither may form the basis for issuance of the writ. 28 U.S.C. § 2241(c) (3).

Appellant makes two other complaints. He says that the prosecutor referred to a paid civilian informer as a police offi-

cer. And he alleges that in his opening statement the prosecutor referred to a remark of a codefendant and characterized it as inculpatory when in fact it did not have that character but was a near threat by the codefendant to a police officer. The contention that these deficiencies, if they are deficiencies at all, rise to constitutional dimension is frivolous.

Affirmed.