**UNITED STATES of America,**
**Appellee,**

v.

**Anthony SANNICANDRO, Appellant.**

**No. 25084.**

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1970.

Rehearing Denied Dec. 21, 1970.

**322**

Stanley Yep (argued), Los Angeles, Cal., for appellant.

Richard Kirschner (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before ELY, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant and his co-defendant, Quinn, were found guilty in a jury trial on a three-count indictment charging violations of 21 U.S.C. § 176a (concealment of illegally imported marihuana), 21 U.S.C. § 176a (illegal sale of marihuana), and 26 U.S.C. § 4742(a) (illegal transfer of marihuana). Appellant was sentenced to five years on each count with the sentences to run concurrently.

The appeal presents two issues for our consideration:

█ (1) Was appellant's conviction based on violations of 21 U.S.C. § 176a void under Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), as that decision is construed in Scott v. United States, 425 F.2d 55 (9th Cir. 1970)? Appellee concedes that these decisions are controlling and that counts one and two must be reversed. We agree.

(2) Here appellant contends that the evidence is insufficient to sustain a conviction under count three charging an illegal transfer of marihuana without an order form. 26 U.S.C. § 4742(a).[1]

The principal facts are in dispute. A fair summary of the government's evidence is as follows. For some time prior to December 5, 1967, the appellant was acquainted with Hatswell who, unknown to the appellant, was a government informant employed in connection with unlawful traffic in narcotics. On that date, the informant called appellant and asked him if a supply of marihuana could be

---

1. 26 U.S.C. § 4742(a). *"General requirement.*—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

made available. They had previously discussed the subject. Appellant responded that there had been a "hang-up," asking the informant to call the following day. The informant followed through on the suggestion and made arrangements to meet the appellant at his home on the evening of December 6th. In the neighborhood of 6:00 o'clock that evening, undercover agent Lusardi drove the informant to the appellant's apartment. Informant entered the apartment and asked the appellant if he could still get the marihuana to which appellant replied, "Yes, but you will have to wait a little longer." Approximately one hour later, the informant returned and was told by the appellant that he would require the "money in front," which meant that appellant and his source would require the purchase price to be paid before delivery. The informant refused to go through with the transaction on that basis.

On December 7th, appellant called the informant and said "O.K., we can do it and you won't have to front your money." That afternoon Agent Lusardi again drove the informant to appellant's apartment. After entering the apartment, the informant asked appellant if everything was O.K., to which appellant responded, "Yes," but that he wanted to see the money. The previous day, appellant had told the informant that the price would be $2,250.00 for 35 kilograms of marihuana. The informant gave the money to the appellant who counted it while talking on the phone to his co-defendant Quinn about the delivery arrangements for the marihuana. Evidently Quinn desired more definite arrangements with reference to the "front money." Appellant then turned the telephone over to the informant. After identifying themselves, the informant made an arrangement with Quinn whereby the former would take his car and park it in an indicated place, leave the car there and disappear while the marihuana was placed in the trunk. Under the arrangement, the appellant was to then notify the informant and take receipt of the money. As they finished the phone conversation, Quinn asked to again talk to appellant. The telephone was then handed to the appellant for a further conversation with Quinn. In a short time, this conversation was terminated. When he hung up the telephone, appellant told informant, " * * * O.K. in a few minutes he will be leaving the house and to follow him and we will pick up the . . . 'ki's.' "

Immediately following the telephone conversation, appellant and informant left the apartment and walked to a garage area where appellant opened a musical instrument case and disclosed approximately three kilograms of marihuana and asked the informant if he wanted to take immediate delivery, to which the informant responded that he did not want to carry it around. The agent and the informant then followed appellant's vehicle to an apartment house parking lot. They parked the government vehicle in the lot and were told by appellant to unlock the trunk of the car. After unlocking the trunk, they left their vehicle, entered appellant's and in his company drove to a parking lot a few blocks away. A few minutes later the co-defendant, Quinn, was observed approaching the unattended government vehicle, raising the lid of the trunk and placing two boxes inside the trunk. The boxes contained 35 kilograms of marihuana. At this point, both appellant and Quinn were placed under arrest.

■ Appellant argues that he was merely a "contact man" and, as such, was not required to comply with the provisions of 26 U.S.C. § 4742(a). In following through on this argument, the appellant completely ignores the provisions of 18 U.S.C. § 2.[2] This statute has broad application. It makes a defendant a principal when he consciously shares in any criminal act, whether or not there is an actual conspiracy. It states a rule of

---

2. 18 U.S.C. § 2. *"Principals* (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

criminal responsibility for acts which one assists another in performing. Nye & Nissen v. United States, 336 U.S. 613, 620, 69 S.Ct. 766, 93 L.Ed. 919 (1949). This circuit is committed to the view that whoever aids or abets the commission of an offense against the United States is punishable as a principal. United States v. Gould, 419 F.2d 825 (9th Cir. 1969).

■■■ To lay the foundation for conviction based on 18 U.S.C. § 2, it is not necessary that the indictment charge a violation of the statute. Wood v. United States, 405 F.2d 423, 425 (9th Cir. 1968), rehearing denied January 20, 1969. Even in the absence of a conspiracy charge in the indictment, it was proper for the court to instruct, under the evidence in this case, on the law of conspiracy. Fuentes v. United States, 283 F.2d 537 (9th Cir. 1960), Kay v. United States, 421 F.2d 1007, 1010 (9th Cir. 1970).

■■■ After verdict, where there is a conflict, we must view the evidence in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 62, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Kay v. United States, *supra* and Pederson v. United States, 392 F.2d 41 (9th Cir. 1968). While there was an issue as to whether appellant was a participant in arranging for the sale and delivery of the marihuana, that issue has been resolved against him by the jury. It is undisputed that the order form required by § 4742(a) was not produced, nor even requested.

■■■ It has been suggested that the impermissible convictions under 21 U.S.

C. § 176a might taint the conviction under § 4742(a) and that the latter should be set aside and the cause returned to the district court for a new trial. In our view, the suggestion is groundless. First of all, the evidence received on counts one and two, the convictions here set aside under Leary, was also relevant and material in connection with the conviction under § 4742(a). Since appellant denied his participation in the arrangement leading up to the purchase and delivery of the marihuana, it was necessary for the government to prove such participation before it could secure a conviction under the § 4742(a) count.

■■■ The possession instruction under § 176a, declared constitutionally invalid by *Leary*, was limited by the trial court to the § 176a violations.[3] In his instructions, the trial judge outlined, with precision, the essential elements to convict on each count. We must assume that the jury followed the instructions. Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963); Fineberg v. United States, 393 F.2d 417 (9th Cir. 1968). If the jury paid any attention whatsoever to the court's instructions, it did not utilize the presumption created by § 176a in convicting the defendant under the § 4742(a) count. Obviously, the presumption created by a § 176a had nothing to do with the conviction under § 4742(a). In any event, the claim that the conviction was tainted with prejudicial testimony, must be evaluated in the light of the totality of surrounding circumstances. Simmons v. United States, 390 U.S. 377, 383, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). When

---

3. "All right. To aid enforcement, Section 176(a) of Title 21, United States Code, further provides that:

'Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marijuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.'

\* \* \* \* \*

What the statute means is that, upon a trial for a violation thereof, if the jury

should find beyond a reasonable doubt that the accused has had possession of the marijuana, as charged, the fact of such possession alone, unless explained to the satisfaction of the jury by the evidence in the case, permits the jury to draw the inference and find that the marijuana was imported or brought into the United States of America contrary to law; and to draw the further inference and find that the accused had knowledge that the marijuana was imported or brought in contrary to law."
(Reporter's Transcript, pp. 369–370).

placed in this perspective, the claim is patently without merit. Moreover, in these circumstances, the error, if any, would be harmless under Rule 52(a), F.R.Crim.P.

At one point in his brief, appellant seems to argue that 26 U.S.C. § 4742(a), under which he was convicted on the third count, is unconstitutional as applied to him. To bring himself within Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), he consistently refers to § 4742(a), as a "tax" statute. Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969) and Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), decide this issue against appellant.

The judgments and sentences on counts one and two are set aside and the cause remanded with directions to dismiss those counts. The judgment of conviction and sentence on count three is affirmed.

United States, Appellee, v. Sannicandro, Appellant, 9 Cir., 434 F.2d 321.

ELY, Circuit Judge (Dissenting):

I respectfully dissent. The majority properly holds that the appellant was impermissibly convicted of the charges made under 21 U.S.C. § 176a. I have no doubt whatsoever that the jury, or at least some of its members, may have been improperly influenced in its consideration of the appellant's guilt of the offense charged under 21 U.S.C. § 4742(a), because of the existence of the other two charges and the erroneous and prejudicial instructions given in connection with them.

No judge can avoid the application of his own experience in the resolution of such an issue as that on which I now part from my Brothers. From whatever knowledge I may have gained in my lifetime, including that derived from par-ticipation as an advocate in the trial of scores of jury cases, I am thoroughly convinced that Sannicandro's lawyer would have had a better chance of defending his client on the so-called "tax count" had the other two charges not been before the jury or had the whole trial not been corrupted by the erroneous instructions. Because of my conviction in this respect, and in the interest of justice, I would, if I could, afford Sannicandro a new trial in which the District Court would be concerned only with the question of Sannicandro's guilt or innocence of the offense charged under 26 U.S.C. § 4742(a).