**O'Dell MARSHALL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-1581.**

United States Court of Appeals, Ninth Circuit.

Aug. 22, 1972.

O'Dell Marshall in pro. per.

William D. Keller, U. S. Atty., William John Rathje, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS, HAMLEY and WRIGHT, Circuit Judges.

PER CURIAM:

This proceeding under 28 U.S.C. § 2255 is an outgrowth of the conviction of O'Dell Marshall on two counts charging him with transporting and selling marihuana in violation of 21 U.S.C. § 176a, and one count charging him with failure to obtain a written order form as required by 26 U.S.C. § 4742(a).[1] Concurrent sentences were imposed.

This court affirmed the conviction on April 9, 1969, holding that the conviction on counts one and two were valid and that, because of the concurrent sentences, it was not necessary to consider the count three conviction. Marshall v. United States, 409 F.2d 925 (9th Cir. 1969). Thereafter, the United States Supreme Court determined that the presumption provided by 21 U.S.C. § 176a denies due process of law. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

On October 5, 1971, Marshall commenced this section 2255 proceeding, pointing out that the presumption provided by 21 U.S.C. § 176a was utilized in connection with his trial on counts one and two of the indictment returned against him. He also urged several reasons why his conviction on count three should be set aside, one being that his invalid conviction on counts one and two tainted his conviction on count three. The district court granted the section 2255 motion as to counts one and two, but denied it as to count three. Marshall appeals.

After the briefs had been filed herein, the United States Attorney wrote to this court, under date of July 10, 1972, suggesting that this proceeding has become moot. In his letter the United States Attorney asserts that Marshall had been released from custody on June 21, 1972, his sentence having been completed on that date.

Inasmuch as this section 2255 proceeding was instituted at a time when Marshall was in custody, it was not mooted by his subsequent release. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), overruling Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). While Carafas was a habeas corpus proceeding, we believe the rule of that case applies in section 2255 proceedings. The constitutionality of section 2255 which supplants, with certain exceptions, habeas corpus challenges to federal convictions, has been upheld on the theory that it is the full equivalent of habeas corpus and hence that the statute does not unconstitutionally suspend the writ. See Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Sanders v. United States, 373 U.S. 1, 13, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

On the "taint" point which Marshall urges, we find this case to be substantially indistinguishable from United States v. Sannicandro, 434 F.2d 321 (9th Cir. 1970); in which it was held that an impermissible conviction under 21 U.S.C. § 176a did not taint a conviction, at the same trial, under 26 U.S.C. § 4742(a). As in Sannicandro, the court which tried Marshall gave explicit instructions as to the elements of a section 4742(a) offense, as distinguished from a 26 U.S.C. § 176a offense.

Marshall also argues on this appeal, that the trial court erroneously instructed the jury that they could, in connection with the 26 U.S.C. § 4742(a) charge in count three, apply the presumption provided in 26 U.S.C. § 4744(a).[2] This contention was not

1. The validity of this statute was upheld in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). Congress repealed 26 U.S.C. § 4742(a) on October 27, 1970, effective May 1, 1971. Prosecutions for violations which occurred prior to this effective date, as in the case now before us, were saved. 84 Stat. 1292, 1295 (1970).

2. Congress repealed 26 U.S.C. § 4744 on October 27, 1970. See note 1, above.

raised, either expressly or by implication, in any of the district court proceedings connected with this section 2255 motion. We therefore decline to consider the argument, raised for the first time here on appeal.

Affirmed.