**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Gasper GIANNONI, Defendant-
Appellant.**

No. 72-2729.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1973.

Certiorari Denied April 16, 1973.
See 93 S.Ct. 1911.

John W. Keker, Asst. Federal Public Defender (argued), Frank O. Bell, Jr., Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Maurice K. Merten, Sp. Atty. (argued), James E. Ritchie, Sp. Atty., Sidney Glazer, Atty., Washington, D. C.,

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before TRASK, GOODWIN and WALLACE, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered against David G. Giannoni for violation of 18 U.S.C. App. § 1202(a), receipt of a firearm by a convicted felon, and of 18 U.S.C. § 2, aiding and abetting.[1] Appellant was indicted on July 7, 1972, and after denial of his motion to dismiss the indictment, appellant was found guilty at a court trial on August 15, 1972, and sentenced to two years in the custody of the Attorney General.

The trial record reflects that the weapon which appellant is alleged to have received was manufactured outside the state of California in 1918, and that sometime between 1918 and 1958 it was brought by the government into California where it was purchased by a resident of California in 1958. In 1968 this weapon, a .45 caliber, Colt, semi-automatic pistol, was placed in the Camino Coin Shop in San Mateo, California, where it remained until April 15, 1971, when the weapon was taken during the course of a robbery committed by appellant and his cohort. The owner testified that he saw appellant take the gun from its holster and that he never saw the appellant put it back. It was never recovered. Appellant had been previously convicted of a felony.

■■ Appellant argues that the interstate commerce nexus proved in this case of at least 13 years prior to the robbery, is simply "too tenuous and strained." He contends that this is not sufficient "to justify the assertion of federal jurisdiction over what is purely a local matter." The statute makes no such limitation and the Supreme Court in United States v. Bass, 404 U.S. 336,

92 S.Ct. 515, 30 L.Ed.2d 488 (1971), said:

"The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate facility or if the possession affects commerce. Significantly broader in reach, however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce." 404 U.S. at 350, 92 S.Ct. at 524.

Where neither the Congress nor the Court has drawn a line as to time, we find no reason to do so.

■ We are likewise unpersuaded by appellant's double jeopardy argument. He maintains that since the weapon was not produced and the serial number is unknown, he is not protected from double jeopardy. The circumstances of this prosecution, however, are established by a specific indictment and further illuminated by the record on trial, both of which inure to the protection of appellant should he be required to defend against a similar charge. Thus, the requirements of Rule 7(c) Fed.R.Crim.P. are satisfied, United States v. Rizzo, 418 F.2d 71, 74 (7th Cir. 1969), as well as the threat of a second prosecution for the same offense. United States v. Mooney, 417 F.2d 936, 938 (8th Cir. 1969).

■ Appellant was also indicted and convicted of violating 18 U.S.C. § 2 as well as § 1202(a). The testimony as summarized in appellee's brief supports the conclusion that appellant consciously shared in the criminal act of the receipt of a firearm by a convicted felon. *Cf.* United States v. Liles, 432 F.2d 18 (9th

1. Title 18, United States Code, Appendix, Section 1202(a) proscribes "receiv[ing] . . . in commerce or affecting com-merce," certain firearms by one previously convicted of a felony.

Cir. 1970). 18 U.S.C. § 2 makes one who aids or abets the commission of an offense against the United States punishable as a principal, and therefore, regardless of which of the co-robbers actually "received" the firearm, there is sufficient evidence to support appellant's conviction. Nye & Nissen v. United States, 336 U.S. 613, 620, 69 S.Ct. 766, 93 L.Ed. 919 (1949); United States v. Sannicandro, 434 F.2d 321 (9th Cir. 1970). The fact that the evidence more logically tends to show that appellant was the principal rather than an aider or abettor makes no difference on this conviction.

The judgment is affirmed.