UNITED STATES of America,
Appellee,

v.

David Russell CASSITY, Appellant.

No. 74–1711.

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1974.

Rehearing Denied Feb. 27, 1975.

Gwynn Townes, Seattle, Wash., for appellant.

Susan L. Barnes, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL and GOODWIN, Circuit Judges, and WOLLENBERG,* District Judge.

OPINION

PER CURIAM:

David Russell Cassity appeals a conviction under 18 U.S.C. App. § 1202(a)(1)

(felon in possession of a firearm in or affecting commerce).

Cassity's first assignment of error asserts that in his case the facts do not provide an adequate nexus with interstate commerce to satisfy § 1202(a)(1). We agree, and reverse the conviction.

In 1970, Cassity was convicted in the state of Washington of car theft, a felony. In November of 1973, acting on a tip, special agents of the Bureau of Alcohol, Tobacco, and Firearms entered Cassity's home with a search warrant and seized a Savage rifle.

Section 1202(a)(1) provides that:

"Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * *

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years or both."

The Savage rifle taken from Cassity's home was shipped from Westfield, Massachusetts, to Los Angeles, California, in October, 1966. Cassity purchased the rifle in the state of Washington from a friend in the early spring of 1973.

The United States Supreme Court considered the element "in commerce or affecting commerce" in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). The court stated:

"Having concluded that the commerce requirement in § 1202(a) must be read as part of the 'possesses' and 'receives' offenses, we add a final word about the nexus with interstate commerce that must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate

_____

* The Honorable Albert C. Wollenberg, United States District Judge for the Northern District of California, sitting by designation.

facility, or if the possession affects commerce. Significantly broader in reach, however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' for we conclude that the Government meets its burden here if it demonstrates that the firearm received has previously traveled in interstate commerce * * *." 404 U.S. at 350, 92 S.Ct. at 524. (Emphasis added.)

This court reversed a § 1202(a)(1) "possession" conviction in United States v. McShane, 462 F.2d 5 (9th Cir. 1972), because "* * * the prosecution did not allege or prove a link between the weapon and interstate commerce as required by United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971)." 462 F.2d at 5.

In Cassity's case, the United States Attorney's information alleged in part that he "did knowingly receive, possess, and transport in commerce, and affecting commerce, a firearm." The undisputed evidence indicates that the rifle had traveled from Massachusetts to California, and that it ultimately came to rest in Washington. While the rifle had been in interstate commerce at one time, the Government proved no connection between Cassity's possession of the weapon in 1973 and interstate commerce. The court found Cassity guilty of possession, not of receiving or transporting the rifle. The Government argues that because we have held the passage of time to be immaterial in a receiving case we should now hold it to be equally immaterial in a possession case.

It is true that in United States v. Giannoni, 472 F.2d 136 (9th Cir.), cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973), we held that a man who had robbed a gun store was guilty of unlawfully receiving a weapon 13 years after it had ended its travels in interstate commerce, but we took care to point out the distinction the Supreme Court had drawn in the *Bass* case between receiving a weapon and merely possessing it. 472 F.2d at 137.

We hold that the Government in this case failed to show the necessary connection with the commerce element of the statutory offense that creates federal jurisdiction, and that the cause must therefore be reversed. It is not necessary to reach other points urged by the appellant.

Reversed and remanded.