**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Donald LATHAN, Jr., Defendant-Appellant (two cases).**

**Nos. 75–1747, 76–1137.**

United States Court of Appeals, Ninth Circuit.

March 10, 1976.

Rehearing Denied April 26, 1976.

Kenneth L. Collins, Deputy Federal Public Defender (argued), Los Angeles, Cal., for defendant-appellant.

Robert J. Perry, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before BARNES and GOODWIN, Circuit Judges, and SCHNACKE,* District Judge.

BARNES, Circuit Judge:

On August 18, 1975, this court, by this panel, filed an order remanding the above entitled matter bearing number 75–1747 to the District Court Judge who heard the case below, "with instructions to forthwith correct or clarify the judgment," relating to the difference between the court's finding that there was proof of the *receipt* of a firearm (R.T. 34–35); and the Clerk's Transcript, reading that the defendant was found guilty of *possession* of a firearm.[1] (C.T. p. 8).

There is now before this court the corrected Judgment and Commitment, filed in the District Court on September 22, 1975, correcting the conviction from one of possession to one of receipt of a firearm in violation of the same statute. (C.T. p. 2)

---

* Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

1. Unfortunately, the order for remand of August 18, 1975 erroneously referred to the language of the statute involved (18 U.S.C. (Appendix) § 1202(a)). The work "and" in the fourth and fifth lines of the first paragraph of said order should be, and is, stricken and the words "in or affecting" inserted in each instance.

No new evidence was produced. The same sentence was imposed. On appeal to this court, a new number on appeal was given—No. 76–1137. Appellant has been out of custody on bond during each appeal.

The sole issue which Lathan raises on each appeal is that the facts before the District Court did not support his conviction for receipt of a firearm by a felon in violation of 18 U.S.C. App. § 1202(a). That statute provides in pertinent part:

"Any person who . . . has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined no more than $10,000 or imprisoned for not more than two years, or both."

At trial, it was stipulated that Lathan had been convicted in 1971 of five felony violations. It was further stipulated that the firearm involved in this case was manufactured in Belgium, and purchased by Browning Arms Company of Morgan, Utah. The firearm was purchased from Browning Arms by the proprietor of the Santa Ana Gun Room in Santa Ana, California, and was received by him on November 28, 1962. On March 8, 1963, the firearm was sold to one Donald Goodwin. The parties also stipulated that the firearm was found in the defendant's home in San Clemente, California on November 20, 1974. *See* Exhibit 1.

The trial judge found Lathan guilty of receiving a firearm in violation of 18 U.S.C. App. § 1202(a), but not of possessing. In so holding, the district judge stated: "Our Circuit and the Supreme Court, it seems to me, make it clear that there is a difference in terms of the nexus with commerce which must be shown between the possession offense and the receipt offense; and that the requisites in the Government's case, the requisites of the receipt offense, are clearly shown." (R.T. 34–35) Lathan contends on appeal that the district judge misstated the law in this Circuit. We do not agree and hold that the District Court's ruling was correct.

In *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), the Supreme Court first recognized this distinction between possessing and receiving under 18 U.S.C. App. § 1202(a). The Court stated:

"Having concluded that the commerce requirement in § 1202(a) must be read as part of the 'possesses' and 'receives' offenses, we add a final word about the nexus with interstate commerce that must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. We note only some of these. For example, a person 'possesses . . . in commerce or affecting commerce' if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. *Significantly broader in reach,* however, is the offense of 'receiv[ing] . . . in commerce or affecting commerce,' for we conclude that the Government meets its burden here if it demonstrates that the firearm received *has previously traveled in interstate commerce.*"

*Id.* at 350, 92 S.Ct. at 524 (emphasis added).

The case presently before this court is similar to our prior holding in *United States v. Giannoni,* 472 F.2d 136 (9th Cir.), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973). In *Giannoni,* we affirmed the conviction of a felon of *receiving* a firearm in violation of 18 U.S.C. App. § 1202(a), where the firearm had ended its travels in interstate commerce thirteen years earlier. The defendant had argued that the thirteen year period was "too tenuous and strained." Irrespective of the time lag, we held, relying on *Bass,* that "Where neither the Congress nor the [Supreme] Court has drawn a line as to time, we find no reason to do so." 472 F.2d at 137.

Our more recent decision in *United States v. Cassity,* 509 F.2d 682 (9th Cir. 1974), is in complete agreement with *Giannoni.* In *Cassity,* the defendant was convicted in the District Court on the charge of being a felon in possession of, rather than receiving, a firearm in or affecting commerce. In

reversing the conviction, we once again recognized the distinction which the Supreme Court made in *Bass* between receiving as opposed to possessing a firearm. Because the offense of possession under 18 U.S.C. App. § 1202(a) is significantly *narrower* in reach than the offense of receiving, we concluded that "the Government in this case failed to show the necessary connection with the commerce element of the statutory offense that creates federal jurisdiction . . .." 509 F.2d at 683.

In the case before us, Lathan was found guilty by the district judge of *receiving* a firearm twelve years after it had ended its travels in interstate commerce. Thus, following our decision in *Giannoni*, we again hold that irrespective of the time lag, where neither the Congress nor the Supreme Court has established a line of demarcation as to time, we also decline to do so.

Accordingly, the judgment of the District Court is AFFIRMED.