86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard ALVAREZ, Defendant-Appellant.
 No. 95-16249.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 17, 1996.
Decided May 29, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Alvarez appeals from the denial of his 28 U.S.C. § 2255 motion to vacate his sentence.[1] Alvarez contends that two Government witnesses perjured themselves and that he was afforded ineffective assistance of counsel at trial. We affirm because we conclude that these contentions are meritless.
 
 
 3
 * Alvarez was convicted of conspiracy, receiving a gift for a loan, and bank fraud. At the time he committed the crimes, Alvarez was an officer of Continental Savings of America ("CSA"), a federally insured financial institution, and Continental Mortgage of America, a subsidiary of CSA. Alvarez was in charge of procuring and administrating large loan projects.
 
 
 4
 The crimes Alvarez was convicted of arose out of the financing of a construction project for John Novak, a real estate developer. Alvarez agreed to obtain 100% financing of the project in return for a finder's fee. Alvarez instructed Novak to submit a down payment for the loan. Alvarez arranged for an equivalent amount to be paid to Novak from the proceeds of the loan. Novak submitted to CSA a fictitious construction voucher in the amount of $370,000 payable to Ryan Investment, a company owned by Novak. CSA paid the voucher. Novak paid Alvarez his finder's fee.
 
 II
 
 5
 Alvarez claims that the district court erred in denying his section 2255 motion. We review the denial of a section 2255 petition de novo. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). "[F]indings of fact made by the district court relevant to the denial of [ ] habeas corpus petitions are reviewed for clear error." Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995) (internal cite omitted), cert. denied, 116 S.Ct. 718 (1996).
 
 III
 
 6
 Alvarez contends that his sentence should be vacated because newly discovered evidence demonstrates that two of the Government's key witnesses, William Lembi, a CSA official, and Bernard Schoenberg, CSA's attorney, perjured themselves at trial. Alvarez alleges that Lembi and Schoenberg testified falsely that they did not know that Alvarez had agreed to provide Novak 100% financing, that Novak was to receive a refund of his down payment, or that Novak was to pay Alvarez a finder's fee.
 
 
 7
 Alvarez asserts that a letter dated August 26, 1985, from Chris Schaefer, Novak's attorney, to Schoenberg demonstrates that Lembi and Schoenberg knew that the $370,000 payment to Ryan Investment was a partial refund of Novak's down payment. We disagree. Schaefer stated in his letter that he told Schoenberg the money paid to Ryan Investment "was used to benefit the [project]," and that "the payment to Ryan Investment Company was fully discussed in [Schoenberg's] office." Schaefer's statements do not suggest that Lembi or Schoenberg were aware that Ryan Investment was owned by Novak, or that the construction voucher submitted by Ryan Investment was fictitious. In fact, Schaefer's letter also states "I don't recall that you ever asked me whether or not Ryan Investment Company did any consulting or whether or not it really existed."
 
 
 8
 Alvarez argues that Schaefer's deposition testimony, taken after Alvarez's sentencing, demonstrates that Lembi and Schoenberg testified falsely. Schaefer testified at his deposition that "my recollection was that the major terms and conditions of the loans were discussed between John Novak and other people at Continental besides [Alvarez]. And some of them would have been between Bernie [Schoenberg] and myself. But that would have been after the major things were discussed with John [Novak] and other officers at Continental." This testimony does not support Alvarez's contention that Lembi and Schoenberg knew that Alvarez had agreed to arrange 100% financing or that Novak was to pay Alvarez a finder's fee.
 
 
 9
 Alvarez also contends that Schaefer's testimony that "bank officials other than Alvarez were responsible for granting the loan to Novak," demonstrates that Lembi and Schoenberg committed perjury. This argument is meritless. Lembi and Schoenberg did not testify that Alvarez was responsible for granting the loan. Rather, they stated that in approving the loan, they relied on Alvarez's representations regarding Novak and the terms of the loan.
 
 
 10
 Alvarez claims that Schoenberg testified falsely that he did not believe the payment from Novak to Alvarez was for a prior debt. Alvarez argues that a letter Schoenberg prepared for Alvarez regarding the prior debt demonstrates that Schoenberg knew that Novak's payment to Alvarez was to fulfill this debt. The jury was made aware of the circumstances surrounding the preparation of this letter, as well as the contents of the letter. Thus, this letter is not newly discovered evidence, and does not provide a basis for vacating Alvarez's sentence.
 
 
 11
 Alvarez argues that the deposition testimony of CSA officials Joseph Imbelloni and Fred Levinson regarding their dealings with CSA demonstrates that Alvarez reasonably believed that CSA approved of his dealings with Novak. Imbelloni stated that he was involved in the construction of projects financed by CSA. Levinson stated that he received compensation from CSA for providing it with a "blanket bond." This testimony does not establish that Alvarez reasonably believed that CSA had approved his receipt of a finder's fee.
 
 
 12
 Finally, Alvarez asserts that the minutes of the board meetings where he had disclosed the prior debt from Novak and received the board's approval for Novak's payment of this debt were missing. Alvarez has not submitted any evidence that demonstrates that any minutes were missing.
 
 
 13
 We conclude that Alvarez failed to establish that Lembi or Schoenberg testified falsely at trial. The district court did not err in refusing to vacate his sentence on this basis.
 
 IV
 
 14
 Alvarez contends that his counsel at trial afforded him ineffective assistance of counsel. We review de novo a claim of ineffective assistance of counsel. United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986).
 
 
 15
 To succeed on a claim of ineffective assistance of counsel a defendant must show that: (1) counsel's performance was deficient; and (2) this deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove counsel's performance was deficient, a defendant must show such performance was "outside the wide range of professionally competent assistance." Id. at 690. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
 
 
 16
 Alvarez contends that his trial counsel should have investigated Schaefer's knowledge of the negotiations between Novak, Lembi, and Schoenberg. Alvarez claims that Schaefer "would have directly contradicted the testimony of Lembi and Schoenberg." This argument lacks merit. As discussed above, Schaefer's deposition testimony does not demonstrate that Lembi and Schoenberg testified falsely.
 
 
 17
 Alvarez also argues that Schaefer's deposition testimony demonstrates that Schoenberg lied about not sending the letter he prepared for Alvarez to Novak. At best, Schaefer's testimony would have been weak impeachment evidence because he indicated a lack of certainty about whether he had received a copy of the letter. Schoenberg, on the other hand, presented evidence of the original letter and accounted for all copies of it, including the addressed envelope. Trial counsel's failure to uncover Schaefer's testimony does not rise to the level of deficient performance. See United States v. Bosch, 914 F.2d 1239, 1246 (9th Cir.1990) (failure to discover impeachment evidence "was not so critical or even sufficiently useful" that it demonstrated defense counsel's "investigation fell below the standard of reasonableness").
 
 
 18
 Alvarez further argues that during trial his attorney "screamed and cursed at [him] stating that he was not testifying properly." He contends that the prosecution used this information to question him regarding his discussions with his attorney about his testimony. Alvarez has presented no evidence to support his contention that this "screaming" incident occurred or that it prompted the prosecution's questions.
 
 
 19
 Alvarez claims that his trial counsel failed to file pretrial motions. This argument lacks merit. The record demonstrates that his counsel joined in the motions objecting to the superseding indictment.
 
 
 20
 Alvarez contends that his trial counsel should have objected: (1) to the introduction of evidence of prior conduct; (2) on ex post facto grounds; (3) to certain jury instructions; and (4) to the prosecutor's comments during closing argument. We addressed each of these contentions on direct appeal and concluded that they did not constitute plain error. Because Alvarez did not establish that he was prejudiced by these alleged deficiencies, he cannot succeed on his claim of ineffective assistance of counsel. See Olano v. United States, 113 S.Ct. 1770, 1778 (1993) (to establish plain error, a defendant "must make a specific showing of prejudice"); Strickland, 466 U.S. at 687 (to establish ineffective assistance of counsel a defendant must show that he or she was prejudiced by counsel's deficient performance).
 
 
 21
 Alvarez claims that his trial counsel's failure "to consult with his client and explain to him the elements of the offenses with which he was charged" constitutes inadequate assistance of counsel. Alvarez contends that the charge of receiving a gift did not require specific intent, and that had he known this, he would have plea-bargained for a lighter sentence. This claim lacks merit. On appeal, this court held that specific intent was required for a violation of 18 U.S.C. § 215 at the time of Alvarez's offense.
 
 
 22
 Finally, Alvarez claims his trial counsel's failure to use a Federal Home Loan Bank Board report to impeach Lembi and Schoenberg constituted ineffective assistance of counsel. Alvarez alleges that this sealed report "contained numerous instances of misconduct" of Lembi and Schoenberg, and that it would have shown a motive for testifying falsely. This sealed report apparently also contained information regarding the violations with which Alvarez was charged. Alvarez's trial counsel could reasonably have decided that Alvarez would have been prejudiced by the admission of this report into evidence.
 
 
 23
 Alvarez has failed to demonstrate that his counsel's performance was outside the wide range of professionally competent assistance. The district court did not err in refusing to grant his motion to vacate his sentence on this basis.
 
 V
 
 24
 Alvarez contends that the district court should have granted him an evidentiary hearing on his claims pursuant to 28 U.S.C. § 2255. This court reviews a district court's decision whether to hold a hearing and conduct discovery in order to resolve a section 2255 motion for abuse of discretion. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). A court is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "[C]onclusory statements in a § 2255 motion are not enough to require an evidentiary hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (citation omitted).
 
 
 25
 The motions, files and records of this case conclusively demonstrate that Alvarez was not entitled to relief under section 2255. The district court did not err in refusing to grant his request for an evidentiary hearing.
 
 
 26
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alvarez was in prison when he made his section 2255 motion. Because the district court had jurisdiction when it denied his section 2255 motion, this court continues to have jurisdiction despite Alvarez's subsequent release from prison. Marshall v. United States, 465 F.2d 966, 967 (9th Cir.1972)